662 S.E.2d 595

**In the Matter of Patrick James Thomas KELLEY, Respondent.**

**No. 26500.**

Supreme Court of South Carolina.

Submitted April 28, 2008.

Decided June 2, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Stephanie Nichole Weissenstein, of Law Offices of Desa Ballard, of West Columbia, for respondent.

## PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of a letter of caution, admonition, or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent was retained to represent the Complainant's live-in boyfriend based upon an incident report alleging the boyfriend had assaulted the Complainant. Later, the Complainant and her boyfriend hired respondent to represent them in a civil matter involving a stop payment order on a check. Respondent represents that he explained the existence of a conflict in representing the boyfriend in the criminal matter with the Complainant as the victim and the Complainant and her boyfriend in the civil matter.[1]

At some point, respondent discovered from the Complainant that her boyfriend had altered the check involved in the civil matter and, further, that he had diverted the money for his own benefit. Even after making these discoveries, respondent continued to represent the Complainant and her boyfriend in the civil matter. Respondent now recognizes that he should have immediately withdrawn from his representation of both clients after he learned that the boyfriend had altered the check and diverted the money.

Respondent failed to appear at the hearing in the civil matter. Respondent represents that, prior to the hearing, the Complainant's boyfriend represented to him that the parties were able to reach an agreement without involvement of the lawyers.[2] Further, respondent represents that, after receiv-

---

1. Respondent did not obtain a written conflict waiver when undertaking representation in the civil matter. At the time, the Rules of Professional Conduct did not require a written waiver.

2. Respondent admits he failed to communicate with the Complainant concerning this representation but asserts he believed the boyfriend had notified her about the agreement.

ing this information, he attempted to contact opposing counsel but was unable to speak to him. Based upon the Complainant's boyfriend's representations, respondent failed to appear at the hearing. A civil judgment was entered against the Complainant and her boyfriend.

Respondent filed a motion to set aside the default judgment but failed to diligently pursue the matter. As a result, the matter was closed with a judgment against the Complainant.

Respondent continued to represent the boyfriend in the criminal matter in which the Complainant was the victim and arranged a plea for the boyfriend. Respondent asked the Complainant to sign an affidavit indicating her desire to have the criminal charges against her boyfriend dismissed and she did so. The boyfriend was allowed to plead guilty to a lesser offense of misdemeanor criminal domestic violence and was sentenced to time served.

Respondent has been fully cooperative with ODC in its investigation of this matter. Respondent represents that his conduct in this matter is not indicative of his usual practice of law.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and explain matter to client to extent reasonably necessary to permit client to make informed decision); Rule 1.7 (lawyer shall not represent client if representation may be materially limited by lawyer's responsibility to another client unless lawyer reasonably believes representation will not be adversely affected); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct prejudicial to administration of justice).[3]

---

**3.** Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order

Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(1)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice or bring courts or legal profession into disrepute); and 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath of office taken upon admission to practice law in this state).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.

---

dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.